(No. 16154.—Decree affirmed.)

MORRIS RAGINSKY *et al.* Appellees, *vs.* EDWARD J. LAWLER, Admr., Appellant.

*Opinion filed October 28, 1924.*

1. SPECIFIC PERFORMANCE—*section 111a of Administration act of 1919 does not take jurisdiction from a court of equity.* Section 111a, added to the Administration act in 1919, was not intended to deprive courts of chancery of their powers in cases of specific performance of contracts to convey lands, but the only purpose of said section is to confer on the county court, upon the filing of a petition therein by an administrator, the power to order the performance of the contract of the decedent and the execution of the conveyance.

2. SAME—*what is sufficient to show a contract was understandingly executed.* Evidence that the wife of the vendor in a contract for the conveyance of land voluntarily signed the same with her mark after a conversation with her husband in a foreign language warrants the inference that the contract was understandingly executed by her, where the witnesses testify they could not understand what was said to her and the wife herself offers no testimony.

3. SAME—*what is a sufficient showing that complainants were ready and willing to perform.* Although nearly two years elapse between the time of the filing of the bill and answer and the reference to the master, there is a sufficient showing of readiness to perform on the part of the complainants where there is evidence that the subject of delay was taken up at numerous conferences between the parties and their counsel in order to arrive at an agreement, that no agreement was reached, that the defendants continued to refuse to perform and complainants did not at any time abandon the contract.

4. SAME—*when tender of check is a sufficient offer to perform.* Defendants to a suit for specific performance of their contract to convey cannot set up the defense that the tender of a check by the complainants was not a legal tender and not a sufficient offer of performance, where the refusal of the defendants to perform was not based on that ground but was an unconditional refusal to perform the contract.

5. SAME—*specific performance rests in discretion of chancellor.* Specific performance is within the discretion of the court but is always controlled by the equitable circumstances of the case and not by the caprice of the chancellor.

6. SAME—*general rule as to when contract will not be enforced.* A contract will not be specifically enforced where it is not fair and just or where its enforcement will be oppressive and inequitable.

7. SAME—*general rule as to when contract will be enforced as matter of right.* Where a contract is free from objection and there are no oppressive or inequitable circumstances attending its enforcement, specific performance will be decreed as a matter of right.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

GUSTAV E. BEERLY, (ELLIS S. CHESBROUGH, of counsel,) for appellant.

LEWIS F. JACOBSON, ROY C. MERRICK, and CAMERON LATTER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees filed their bill against the administrator and the widow and children of Camillo Marcucilli, the latter all being minors, for the specific performance of a contract, made before Marcucilli's death, for the conveyance to appellees of real estate. A decree was entered as prayed in the bill, and Edward J. Lawler, the administrator and guardian of the children, has appealed.

The contract was made March 25, 1921, by which appellees in substance agreed to buy the property for the sum of $18,000, subject to leases expiring in April, May and September. They agreed to, and did, pay $500 in cash, and agreed to pay $4500 more within five days after the title had been examined and accepted by them, provided a warranty deed subject to the conditions of the contract was ready for delivery. The remaining $13,000 was to be paid by appellees assuming the payment of a mortgage or trust deed on the premises securing that amount. Appellees were furnished an abstract of title, which they caused to be examined. They found a judgment for $3030 had been ren-

dered in the municipal court February 25, 1921, against Marcucilli, in favor of R. C. Boeckel, and some smaller matters which might affect the title. Marcucilli died April 9, 1921, and Lawler was appointed administrator of his estate and guardian of his children. May 10, 1921, appellees notified the administrator in writing that they had examined the title and found it good, subject to the lien of the judgment and the minor objections pointed out, and stated they were ready to fully perform their agreement. They tendered a check to the administrator for $4500 and demanded the performance of the contract by the administrator and widow, subject only to the lien of $13,000 and the other conditions of the contract. The bill alleged the widow and administrator refused to perform the contract, and it prayed they be decreed to make the conveyance; also that they be enjoined from interfering with the title, control or possession of the premises or doing any act to prevent the performance of the contract until the final order of the court. No writ of injunction was issued. Defendants answered. They denied the making of the contract; denied appellees notified them they were willing, able and ready to perform their part of the contract and had tendered $4500 conditioned on the performance of the contract by the defendants; denied they had refused to perform the contract; denied the contract was fair and equitable in its terms and alleged it was not entered into for a valuable consideration; admitted the defendants had asserted the consideration for the contract was inadequate and that they had demanded pay of a further and additional consideration.

The bill was filed May 12, 1921, and the answer was filed July 7, 1921. The cause was referred to a master in chancery March 9, 1923. The master's report was filed October 5, 1923. The master reported appellees were entitled to the relief prayed in their bill, after overruling objections filed by appellant. Appellant renewed the objec-

tions as exceptions before the chancellor, but the exceptions were overruled and a decree entered as prayed.

Appellant in his brief says he relies for a reversal of the decree on the error of the chancellor in overruling exceptions to that part of the master's report finding that appellees had at all times been ready and willing to perform the contract; also the finding that appellees had made a valid tender, and that the widow, Angeline Marcucilli, had executed the contract. He further says the court erred in assuming jurisdiction and not relegating appellees to the probate court, and in not exercising a sound judicial discretion and refusing to decree specific performance on the ground of abandonment of the contract by appellees and the altered circumstances since the contract was signed.

The argument in support of the proposition that the court erred in exercising jurisdiction to determine the case is based on the fact that in 1919 the legislature amended the chapter of our statute on administration by adding a section designated 111a, which authorizes the filing of a petition in the county court by the administrator in such cases and under such conditions as are therein mentioned, for an order and decree to complete the performance of the contract and execute a conveyance. It is claimed the enactment of that amendment took from a court of chancery its jurisdiction to decree specific performance and made the remedy by petition in the county court exclusive. The remedy in chancery to enforce performance of contracts to convey land is a common law head of equity jurisdiction and has been exercised by courts of equity for centuries. (1 Story's Eq. Jur. sec. 716; 2 Pomeroy's Eq. Remedies, sec. 744.) It seems clear the enactment of section 111a was not intended to deprive courts of chancery of their powers in cases of specific performance of contracts to convey land. Its only purpose was to confer on the county court, upon the filing of a petition therein by the administrator, the power to order the performance of

the contract of the decedent and the execution of the conveyance. The remedy in the county court by section 111a is given to the administrator.

Appellant concedes the wife of Marcucilli *signed* the contract by mark but argues she did not knowingly and understandingly *execute* it. In brief, the proof shows the contract was prepared at the office of appellees' counsel and was signed there by Marcucilli. He took it away to get his wife's signature, went to his place of business and sent for his wife. A witness who was at the time Marcucilli's book-keeper, testified when Mrs. Marcucilli came she and her husband talked in a foreign language which the witness could not understand, and after they had talked a while Marcucilli told witness to write his wife's name to the contract, which he did, and she then made her mark and left; that Mrs. Marcucilli could not write. Ida Morris testified she was present when Mrs. Marcucilli came to her husband's place of business and made her mark to the signature to the contract; that her name was signed to the contract by the book-keeper and Mrs. Marcucilli made her mark. The witness testified Marcucilli talked to his wife in a foreign language which the witness could not understand, and after she made her mark to the signature one of appellees took the contract. Appellant argues that it cannot be inferred from the testimony that Marcucilli told his wife what the paper was and that she understood what she was signing. With that we cannot agree. Mrs. Marcucilli did not testify, and the reasonable inference from the proof is that she knew what she was signing.

Appellant also contends that there was such delay by appellees in prosecuting their remedy that it was error to enforce specific performance; also that the proof shows appellees had not at all times been ready and willing to perform their part of the contract and in effect abandoned its enforcement. Approximately a year and eight months elapsed after the answer was filed before the cause was re-

ferred to a master. The proof shows that at numerous times during that interval there were conferences between the parties and their counsel and efforts made to arrive at some basis of agreement. Mrs. Marcucilli demanded an additional sum of $500 before she would agree to make the conveyance, and she admits that in her answer. At one time counsel for the respective parties prepared an agreement which Mrs. Marcucilli signed by mark, but appellees did not sign it. One of appellant's counsel testified that one of appellees' counsel notified him appellees did not want to proceed with the suit; that they wanted their cash payment back and would file a claim against Marcucilli's estate in the probate court. The greater part of the testimony relates to that subject, but without further referring to the testimony it is sufficient to say it shows that the parties could not arrive at any agreement, but it fails to show an abandonment by appellees, or such delay that it would be inequitable to enforce specific performance upon that ground. On the contrary, the proof shows appellees always relied on the contract and at no time abandoned it. The fact that they at one time during the negotiations considered the remedy of filing a claim against Marcucilli's estate would not, in view of all the testimony, justify holding that they were barred of their right to enforce specific performance. The proof abundantly warrants the conclusion that appellees were ready, willing and eager to perform the contract and that appellant and Mrs. Marcucilli were unwilling and refused to perform it.

It is argued that the check tendered appellant by appellees with their written demand for performance was not a legal tender. Appellant's refusal to perform was not based on that ground, and the check was not refused because it was not a valid tender nor because of any doubt that it was good. The inference is warranted that the check was good at the bank it was drawn on, for the amount of money it called for. Appellant had refused to perform the contract,

and it would have been a useless ceremony for appellees to·have tendered the cash. *Cohen* v. *Segal,* 253 Ill. 34; *Osgood* v. *Skinner,* 211 id. 229.

It is further argued that specific performance is not a matter of right but rests in the exercise of judicial discretion, and in the exercise of.a sound judicial discretion the court should have denied specific performance. This court has held that specific performance is within the sound legal discretion of the court, is always controlled by the equitable circumstances of the case and not by the caprice of the chancellor. If the contract is not fair and just and if its enforcement will be oppressive and inequitable it will not be enforced; (*Hetfield* v. *Willey,* 105 Ill. 286; *Sutton* v. *Miller,* 219 id. 462; *Bauer* v. *Lumaghi Coal Co.* 209 id. 316;) but where the contract is free from objection and there are no oppressive or inequitable circumstances attending its enforcement, specific performance will be decreed as a matter of right. (*Smith* v. *Dugger,* 310 Ill. 624; *Allen* v. *Hayes,* 309 id. 374; *Woodrow* v. *Quaid,* 292 id. 27.) The contract in this case appears to have been knowingly and understandingly made. There has been no change in circumstances which would render its specific performance inequitable. The only intimation that the consideration agreed to be paid for the property was inadequate is that Mrs. Marcucilli at one time demanded she be paid an additional $500 to sign the deed, but when appellees instructed their counsel to notify her they would pay it she still refused to sign a deed. No attempt was made to prove the property was worth more than the price agreed upon, and the proof shows the delay in its performance has resulted to the advantage of the owners rather than their disadvantage.

There are no circumstances attending the enforcement of the contract in this case which would justify a court in denying its enforcement.

The decree is affirmed.          *Decree affirmed.*